IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY COMPUTER ENTERTAINMENT AMERICA INC., <br><br>　　　　Plaintiff, <br><br>　　v. <br><br>AMERICA MEDICAL RESPONSE, INC., <br><br>　　　　Defendant. <br>_____/ | No. C06-06603-CW <br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS, STAY OR TRANSFER |

　　　Defendant America Medical Response, Inc. (AMR) moves to dismiss or stay this action, or in the alternative, to transfer it to the Eastern District of Texas.  Plaintiff Sony Computer Entertainment America Inc. (SCEA) opposes the motion.  The matter was heard on March 2, 2007.  Having considered all of the papers filed by the parties and oral argument on the motions, the Court DENIES the motions.

BACKGROUND

Defendant learned in April, 2006 that Plaintiff was using Defendant's federally registered AMR trademark on ambulances appearing in Plaintiff's driving video game. Defendant sent a letter dated April 21, 2006 (the April letter) to Plaintiff's registered agent in California, in which it demanded that Plaintiff remove the AMR trademarks from the video game and cease use of all AMR trademarks. Herp Decl., Ex. A (April 21, 2006 letter from Defendant's attorney Brian C. Clifford to Plaintiff's agent for service of process). Defendant stated in the letter that if Defendant's attorney did not receive a positive response from Plaintiff by May 11, 2006, Defendant's attorney would take all steps necessary to protect Defendant's goodwill. Id. On June 19, 2006, having not received a response from Plaintiff, Defendant's attorney faxed to Plaintiff's attorney a copy of the April letter. The parties attempted to resolve the dispute from June to October, 2006, but were unable to do so. Herp Decl. ¶¶ 3-7.

In a letter dated October 6, 2006, Plaintiff proposed to resolve all disputes between the parties by paying $10,000 to Defendant. Murphy Decl., Ex. B (October 6, 2006 letter from Plaintiff's attorney Daniel J. Herp to Clifford). In a letter dated October 11, 2006 (the October letter), Defendant declined the offer to settle and invited Plaintiff to make another offer so that the matter could be resolved. Murphy Decl., Ex. A (October 11, 2006 letter from Clifford to Herp). Enclosed with the letter was a draft complaint. The letter explained that Defendant would not file the complaint for at least ten days, but if Plaintiff did not

2

cease all uses of the AMR marks, the complaint might be filed without further notice. Id. After this the parties had no further contact with each other regarding settlement.

Plaintiff filed the present declaratory relief complaint in this Court on Tuesday, October 24, 2006, one business day after the October 21 deadline and informed Defendant that it had done so. Three days later, on October 27, 2006, Defendant filed a trademark infringement suit in the Eastern District of Texas (the Texas case).

The parties do not dispute that the suits in the Northern District of California and the Eastern District of Texas involve the same parties and the same issues. Defendant moves to dismiss or stay this action, arguing that the Court should disregard the first-to-file rule. Defendant alternatively moves to transfer the action to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a).

## DISCUSSION

Defendant argues that the first-to-file rule should be ignored because Plaintiff's suit was anticipatory and that the Court should defer to Defendant's choice of forum. Defendant further argues that the Declaratory Judgment Act is not intended to give an infringer the right to choose the forum for the litigation of an intellectual property owner's rights. Defendant also argues that the balance of convenience and the interests of justice favor the Eastern District of Texas.

Plaintiff counters that Defendant fails to show the anticipatory filing exception to the first-to-file rule (1) because

3

Defendant's communications did not show that the filing of a suit by Defendant was imminent and (2) the anticipatory filing exception to the first-to-file rule should not be applied broadly. Plaintiff also argues that the balance of convenience favors proceeding in the Northern District of California.

I.   First-To-File Rule

"There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-5 (9th Cir. 1982). This doctrine, known as the first-to-file rule, "gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." Northwest Airlines, Inc. v. American Airlines, Inc., 989 F. 2d 1002, 1006 (8th Cir. 1993). The rule was developed to "serve[ ] the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology of California v. United States Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979).

In applying the first-to-file rule, a court looks to three threshold factors: "(1) the chronology of the two actions; (2) the similarity of the parties, and (3) the similarity of the issues." Z-Line Designs, Inc. v. Bell'O Int'l LLC, 218 F.R.D. 663, 665 (N.D. Cal. 2003). If the first-to-file rule does apply to a suit, the court in which the second suit was filed may transfer, stay or dismiss the proceeding in order to

4

allow the court in which the first suit was filed to decide whether to try the case. Alltrade Inc. v. Uniweld Products, Inc., 946 F.2d 622, 625 (9th Cir. 1991). However, "circumstances in which an exception to the first-to-file rule will typically be made include bad faith, anticipatory suit and forum shopping." Id. at 628 (internal citations omitted).

"A suit is anticipatory when the plaintiff filed upon receipt of specific, concrete indications that a suit by defendant was imminent." Z-Line Designs, Inc., 218 F.R.D. at 665. "Such anticipatory suits are disfavored because they are examples of forum shopping." Id. Furthermore, the Declaratory Judgment Act, 28 U.S.C. § 2201, is not to be invoked to deprive a plaintiff of its choice of forum and timing. Id.

An exception to the first-to-file rule also exists if "the balance of convenience weighs in favor of the later-filed action." Ward v. Follett Corp., 158 F.R.D. 645, 648 (N.D. Cal. 1994). This is analogous to "the convenience of the parties and witnesses" under a transfer of venue motion, 28 U.S.C. § 1404(a). Med-Tec Iowa, Inc. v. Nomos Corp., 76 F. Supp. 2d 962 (W.D. Iowa 1999); 800-Flowers, Inc. v. Intercontinental Florist, 860 F. Supp. 128, 133 (S.D. N.Y. 1994). The court with the first-filed action should normally weigh the balance of convenience. Alltrade Inc., 946 F.2d at 628.

   A.   Anticipatory Filing Exception

Defendant argues that because its October letter provided Plaintiff with specific, concrete indications that a suit was imminent, Plaintiff's filing was anticipatory.

5

To the contrary, Defendant's October letter did not establish that the suit was imminent. In the October letter, Defendant stated that the enclosed complaint "may be filed" after October 21. Murphy Decl., Ex. A (October 11, 2006, letter from Clifford to Herp). As of October 24, Defendant had not filed suit. Defendant's equivocal language does not establish that a lawsuit was imminent, especially when Defendant did not file suit after its deadline. Cf., e.g., Inherent.com v. Martindale-Hubbell, 420 F. Supp. 2d 1093, 1100 (N.D. Cal. 2006) (a suit was anticipatory when filed before the end of five days when Martindale-Hubbell made the statement that "a lawsuit will be filed" in five days).

Furthermore, because Defendant's deadline in the April letter passed with no action by Defendant, Plaintiff could not be certain whether Defendant's threat of suit in the October letter was idle, real, or a negotiating tactic.

Defendant, citing Xoxide, Inc. v. Ford Motor Co., 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006), argues that where "a declaratory judgment action has been triggered by a cease and desist letter that both seeks settlement and notifies the party of the possibility of litigation upon collapse of negotiations, equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first" (citation and internal quotations omitted). However, after the October 21 deadline in the October letter passed, negotiations had collapsed, and Defendant still had not filed a suit.

Defendant argues that the purpose of the anticipatory filing exception is "to eliminate the race to the courthouse door in an

6

attempt to preempt a later suit in another forum," <u>Guthy-Renker Fitness LLC v. Icon Health & Fitness</u>, 179 F.R.D. 264, 271 (C.D. Cal. 1998), and that the Court should not allow Plaintiff's race to the courthouse to supercede its choice of forum as the true plaintiff in this case.  Although Plaintiff filed the present action one business day after Defendant's deadline passed, Defendant could have filed its action in the forum of its choice before Plaintiff filed a suit, but did not do so.  Even if there was a race to the courthouse door, Plaintiff did not have specific, concrete indications that a suit by Defendant was imminent, the condition necessary for an anticipatory filing exception to the first-to-file rule.

    The anticipatory filing exception to the first-to-file rule also encourages settlement negotiations and other attempts to resolve lawsuits prior to litigation.  <u>Xoxide, Inc.</u>, 448 F. Supp. 2d at 1193.  Defendant argues that the anticipatory filing exception should apply here because it would have encouraged Plaintiff to negotiate further.  However, the parties had been trying to negotiate a settlement for four months.  Therefore, settlement negotiations were not deterred by the filing of the lawsuit.

    Considering the above analysis, the Court finds that Plaintiff did not have specific, concrete indications that suit by Defendant was imminent from the October letter.  After the October 21 deadline passed without Defendant filing suit, Plaintiff filed a declaratory relief complaint pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.  The Court concludes that the present suit

is not anticipatory and the anticipatory filing exception to the first-to-file rule does not apply.

B. Convenience Exception

As the court with the first-filed action, this Court can consider the balance of convenience exception to the first-to-file rule. Alltrade Inc., 946 F.2d at 628. The balance of convenience exception to the first-to-file rule includes consideration of the same convenience factors considered under a 28 U.S.C. § 1404(a) transfer of venue motion, which both parties address.

Defendant states that witnesses and information are located in Texas. Defendant is headquartered in Colorado and, even though it does not reside in Texas, it states that Texas is more convenient for it than California. Cahn Dec., Ex. B. However, Plaintiff's headquarters are located in the Northern District of California, making this forum convenient for it. Murphy Decl., Ex. C (Outline of Principal Operations for Sony Computer Entertainment America, Inc.). Plaintiff also notes that Defendant's West Region headquarters are located here and witnesses for each party are in California. Cahn Dec., Ex. B.

On the whole, the balance of convenience does not weigh in favor of the Eastern District of Texas. The Court finds insufficient circumstances to justify an exception to the first-to-file rule based on convenience.

II. Declaratory Judgment Act

Defendant further argues that the Declaratory Judgment Act, 28 U.S.C. § 2201, is not intended to give an infringer the right to choose the forum for litigation of an intellectual property owner's

8

1  rights.

2      The Declaratory Judgment Act permits a federal court to
3  "declare the rights and other legal relations" of parties to "a
4  case of actual controversy."  28 U.S.C. § 2201; see Wickland Oil
5  Terminals v. Asarco, Inc., 792 F.2d 887, 893 (9th Cir. 1986).  The
6  "actual controversy" requirement of the Declaratory Judgment Act is
7  the same as the "case or controversy" requirement of Article III of
8  the United States Constitution.  American States Ins. Co. v.
9  Kearns, 15 F.3d 142, 143 (9th Cir. 1993).

10      Under the Declaratory Judgment Act, a two-part test is used to
11  determine whether a declaratory judgment is appropriate.  Principal
12  Life Ins. Co. v. Robinson, 394 F.3d 665, 669 (9th Cir. 2005).
13  First, the court must determine if an actual case or controversy
14  exists within the court's jurisdiction.  Id.  Second, if so, the
15  court must decide whether to exercise its jurisdiction.  Id.

16      The Ninth Circuit has stated that trademark disputes have
17  sufficiently ripened into an actual controversy under the
18  Declaratory Judgment Act when "'the plaintiff has a real and
19  reasonable apprehension that he will be subject to liability.'"
20  Chesebrough-Pond's v. Faberge, 666 F.2d 393, 396 (9th Cir. 1982)
21  (quoting Societe de Conditionnement en Aluminium v. Hunter
22  Engineering Co., 655 F.2d 938, 944 (9th Cir. 1981)).  In
23  determining "if the threat perceived by the plaintiff is real and
24  reasonable," the court focuses "upon the position and perceptions
25  of the plaintiff" and "[t]he acts of the defendant [are] . . .
26  examined in view of their likely impact on competition and the
27  risks imposed upon the plaintiff."  Id.  If the plaintiff is

9

engaged in the ongoing use of the allegedly infringing trademark, the showing of apprehension "need not be substantial." Societe de Conditionnement en Aluminium, 655 F.2d at 944.

In Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 495 (1942), the Supreme Court identified several factors for the district court to consider when determining whether to exercise jurisdiction over a declaratory judgment action, and the Ninth Circuit has affirmed that "the Brillhart factors remain the philosophical touchstone for the district court." Government Employees Ins. Co. v. Dizol, 133 F.3d 1202, 1225 (9th Cir. 1998). "The district court should avoid needless determination of State law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." Id. (internal citations omitted). The Ninth Circuit has also "suggested other considerations" in addition to the Brillhart factors that may assist in deciding whether to exercise jurisdiction, including:

> [W]hether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and State court systems.

Id.

Under the Ninth Circuit test to determine whether a declaratory judgment is appropriate, the Court must first determine if an actual case or controversy exists within this jurisdiction. Here, Defendant accused Plaintiff of using Defendant's trademark.

Defendant threatened legal action against Plaintiff. Plaintiff perceived the possibility a future suit. A suit against Plaintiff would be a risk to future sales of Plaintiff's video game with the allegedly infringing trademark. Furthermore, Plaintiff is allegedly engaged in the ongoing use of the allegedly infringing trademark. Thus, the dispute has sufficiently ripened in that Plaintiff had a real and reasonable apprehension that it would be subject to liability. Chesebrough-Pond's, 666 F.2d at 396.

The Court considers the Brillhart and the Government Employees Ins. Co. factors in determining whether to exercise its jurisdiction over this declaratory judgment action. The factors that weigh in favor of the Court's exercising its jurisdiction are: there are no state law issues in the present case, only federal trademark issues; there would be no entanglement between the federal and state court systems because trademark issues fall under federal jurisdiction; the present declaratory judgment action would avoid duplicative litigation because the present action has proceeded further than the Texas action. Also, except for monetary damages, this declaratory action would "settle all aspects of the controversy" and "serve a useful purpose in clarifying the legal relations at issue."

One factor weighs against the Court exercising its jurisdiction. The present declaratory judgment action can be viewed as an instance of forum shopping. However, as discussed above, even if Plaintiff filed the present action only one business day after Defendant's deadline passed, Defendant had the opportunity to file an action in its choice of forum. Furthermore,

11

a party's choice of forum is entitled to less weight if it is not the party's home state. C.f. Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League, 89 F.R.D. 497, 499 (C.D. Cal. 1981) (citing Pacific Car & Foundry Co. v. Pence, 403 F.2d 949, 954 (9th Cir. 1968)).

Defendant argues that the Court should follow the holding in Tempco Elec. Heater Corp. v. Omega Eng'q, 819 F.2d 746 (7th Cir. 1987), a trademark infringement case. Tempco Elec. Heater Corp. stands for the proposition that where a declaratory judgment action is filed in anticipation of an infringement action, the infringement action should be heard first because the courts should not encourage a race to the courthouse. However, Tempco Elec. Heater Corp. is a Seventh Circuit case and is not binding authority on the Court.

Defendant also cites two district court cases in the Ninth Circuit that followed Tempco Elec. Heater Corp. See Xoxide, Inc., 448 F. Supp. 2d at 1193 (a trademark case in which the court dismissed the first-filed declaratory judgment suit); see also First Fishery Development Service, Inc. v. Lane Labs USA, 1997 WL 579165 (S.D. Cal. 1997) (a case involving false statements about defendant's products published in a trade magazine in which the court dismissed the first-filed suit). These cases are not binding authority on the Court, either.

Based on the above analysis, the Court concludes that the present suit is a proper use of the Declaratory Judgment Act, 28 U.S.C. § 2201, to resolve the trademark infringement claims raised by Defendant.

12

III. Motion To Stay

In the event the Court decides not to dismiss the present action, Defendant moves to stay the proceedings until the Texas action is resolved. However, as discussed above, it is appropriate for the present action to proceed under the first-to-file rule and the Declaratory Judgement Act. Therefore, Defendant's motion to stay is denied.

IV.   Transfer Of Venue

Defendant argues that the case should be transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a) because of convenience of the parties and witnesses and the interests of justice.

Title 28 U.S.C. § 1404(a) provides, "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." A district court has broad discretion to adjudicate motions for transfer on a case-by-case basis, considering factors of convenience and fairness. Stewart Org. Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988). The movant bears the burden of justifying the transfer by a strong showing of inconvenience. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986). The motion may be denied if the increased convenience to one party is offset by the added inconvenience to the other party. Id.

When adjudicating a motion to transfer venue under 28 U.S.C. § 1404(a), a district court must balance a of number case-specific

factors, including the plaintiff's initial choice of forum, convenience of the parties and witnesses, and the interest of justice. Steward Org., 487 U.S. at 29; Decker Coal Co., 805 F.2d at 842-43; Los Angeles Mem'l Coliseum Comm'n, 89 F.R.D. at 499. As a general rule, the plaintiff's choice of forum is given significant weight and will not be disturbed unless other factors weigh substantially in favor of transfer. See 28 U.S.C. § 1404(a). This is especially true when the forum chosen by the plaintiff is its domicile. Los Angeles Mem'l Coliseum Comm'n, 89 F.R.D. at 499 (citing Pacific Car & Foundry Co., 403 F.2d at 954).

A case may be transferred for convenience only to a venue in which it could have originally been brought. 28 U.S.C. § 1404(a). In the present case, the parties do not dispute that venue is proper in the Eastern District of Texas.

Based on Plaintiff's real and reasonable apprehension that it would be subject to liability, it properly filed the present declaratory judgment suit in this district, where it resides. Therefore, Plaintiff's choice of forum weighs heavily in favor of not transferring this case to the Eastern District of Texas. As discussed above, Defendant had not met its burden of showing that the convenience of the parties and witnesses weighs in favor of the Eastern District of Texas. While Defendant's choice of forum is the Eastern District of Texas, it does not reside there so its preference is weighed less heavily.

## CONCLUSION

For the foregoing reasons, the Court does not find an exception to the first-to-file rule. Thus, the Court will not

1  dismiss or stay the present action.  Furthermore, the Court will
2  not transfer the present action.  Defendant's motion to dismiss or
3  stay, or alternatively to transfer the action, is DENIED.

    IT IS SO ORDERED.

Dated: 3/13/07

                                    _____
                                    CLAUDIA WILKEN
                                    United States District Judge